# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **A.W.-1 and A.W.-2**

**No. 17-0685** (Barbour County 16-JA-82 & 16-JA-83)

**FILED**

**December 1, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.W., by counsel Aaron P. Yoho, appeals the Circuit Court of Barbour County's June 30, 2017, order terminating his parental rights to A.W.-1 and A.W.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Allison C. Iapalucci, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights to the children without considering a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2016, the DHHR filed an abuse and neglect petition against petitioner alleging that petitioner had a long criminal history and multiple incarcerations due to his substance abuse. According to the petition, petitioner's substance abuse contributed to his abandonment of the children and to their exposure to domestic violence in the home. The petition also alleged that petitioner knowingly allowed the children to be abused and neglected by their mother, C.B., based upon her history of drug abuse and the "dangerous home environment." At the time of the petition's filing, petitioner was under the supervision of the local community corrections center staff because he pled guilty to possession of a controlled substance; breaking and entering; grand larceny; and conspiracy, and received suspended sentences.

On January 13, 2017, petitioner failed to report to the community corrections center for a required drug screen. Staff contacted petitioner and he admitted that he had abused controlled

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because the children share the same initials, we will refer to the children as A.W.-1 and A.W.-2 throughout this memorandum decision.

substances and would test positive for controlled substances if screened. Community corrections staff directed petitioner to report to the center on January 17, 2017, but he again failed to report. Staff later discovered that petitioner left his residence, had been fired by his employer, and his whereabouts were unknown. On January 26, 2017, the circuit court held an adjudicatory hearing wherein petitioner failed to appear but was represented by counsel. Petitioner's counsel represented to the court that he did not know the petitioner's whereabouts at the time of the hearing. At the conclusion of the hearing, the circuit court found that petitioner abandoned the children by absconding from law enforcement; engaged in domestic violence against the mother, C.B., and against A.W.-1, and failed to provide support for the children. In February of 2017, petitioner's prior criminal sentences were reinstated after he admitted to violating the rules of his community corrections center supervision, including abusing drugs.

In April of 2017, the circuit court held a dispositional hearing wherein petitioner did not present evidence or testimony but requested a disposition pursuant to West Virginia Code § 49-4-604(b)(5).[2] Petitioner admitted that his current sentence of incarceration prohibited him from complying with the terms and conditions of an improvement period. At the conclusion of the hearing, the circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of petitioner's parental rights was consistent with the best interests of the children. Ultimately, the circuit court terminated petitioner's parental rights to the children by an order entered on June 30, 2017.[3] This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if

---

[2]West Virginia Code § 49-4-604(b)(5) provides that

Upon a finding that the abusing parent or battered parent or parents are presently unwilling or unable to provide adequately for the child's needs, commit the child temporarily to the care, custody, and control of the state department, a licensed private child welfare agency, or a suitable person who may be appointed guardian by the court.

[3]Both parents' parental rights to the children were terminated below. According to the guardian and the DHHR, the children were placed in the custody of their maternal grandparents and the permanency plan is adoption into that home.

the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner's only argument on appeal is that the circuit court erred in terminating his parental rights to the children without considering a less-restrictive dispositional alternative because he "relapsed into substance abuse issues after several months of sobriety and showed a desire to continue his relationship with his children." We disagree. West Virginia Code § 49-4-604(6) provides that circuit courts are directed to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" We have also held that "[t]ermination . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 7, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996).

In this case, the evidence clearly supports the circuit court's finding that there was no reasonable likelihood that petitioner could have substantially corrected the conditions of abuse or neglect in the near future. It is undisputed that petitioner admitted that he abused controlled substances throughout the underlying proceedings and his whereabouts were unknown at the time of the adjudicatory hearing. Furthermore, petitioner violated the community correction center rules, failed to report, left his residence, lost his job, and absconded from law enforcement. As such, we find no error in the circuit court's termination of petitioner's parental rights without imposing less-restrictive dispositional alternatives.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 30, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: December 1, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3